1  LORI A. BOWMAN, State Bar No. 114664
   lori.bowman@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
4  Telephone:  (213) 239-9800
5  Facsimile:   (213) 239-9045

6  Attorneys for Defendant
7  NORTHWEST AIRLINES, INC.

8  
                    UNITED STATES DISTRICT COURT
9  
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 | ORVILLE MEAUX,                              | Case No. C09-02447 MMC
12 |                  Plaintiff,                 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS**
13 |
14 |       v.                                    |
15 | NORTHWEST AIRLINES, INC., a                 |
   | Delaware Corporation,                       | Date:       September 4, 2009
16 | PROFESSIONAL FLIGHT                         | Time:       9:00 a.m.
17 | ATTENDANTS ASSOCIATION, a                   | Place:      Courtroom 7, 19th Floor
   | labor organization, TRANSPORT               |
18 | WORKERS UNION, a labor                      | Trial Date: None
19 | organization, ASSOCIATION OF                |
   | FLIGHT ATTENDANTS-                          |
20 | COMMUNICATIONS WORKERS OF                   |
21 | AMERICA, a labor organization, and          |
   | DOES 1 to 20, inclusive,                    |
22 |
23 |                  Defendants.                |

24
25  ///
26  ///
27  ///
28  ///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendant Northwest Airlines, Inc. ("Northwest") requests that this action be dismissed with prejudice pursuant to the Discharge Injunction consistent with Northwest's chapter 11 plan of reorganization (the "Plan"), the order confirming such plan and the applicable provisions of Title 11 of the United States Code ("the Bankruptcy Code"). The Discharge Injunction is a complete defense to plaintiff's action, as plaintiff's claims against Northwest arose before the bankruptcy proceedings and are subject to the Discharge Injunction. Plaintiff's continuation of this action would violate the Discharge Injunction and the protections afforded to Northwest pursuant to both the Bankruptcy Code and the confirmed Plan. Accordingly, by this Motion, Northwest respectfully requests that this Court dismiss this action with prejudice.

## II. STATEMENT OF FACTS.

### A. Northwest Files For Bankruptcy.

On September 14, 2005 (the "Petition Date"), Northwest and certain of its affiliated entities (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 05-17930 (ALG). On the Petition Date, plaintiff was automatically stayed, pursuant to section 362(g) of the Bankruptcy Code, from seeking to collect, assess, or recover damages from the Debtors. Consistent with section 362 of the Bankruptcy Code, after the Petition Date "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of [a bankruptcy case] is a violation of the automatic stay." 11 U.S.C. § 362.

### B. The Bankruptcy Court Enters A Discharge Injunction.

On May 18, 2007, the Bankruptcy Court entered its "Finding of Fact, Conclusions of Law, and Order under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020 ("the Confirmation Order") confirming the Plan, with an Effective Date of May 31, 2007. The Confirmation Order verified Northwest's plan of reorganization, pursuant to which all pre-confirmation claims against Northwest were discharged, regardless of whether or not a proof of claim was filed with respect to such claim. Further, all creditors were permanently enjoined from filing, pursuing or attempting to collect upon any discharged claims, absent relief from the Bankruptcy Court's injunction. Pursuant to section 11.2 of the Plan and paragraph 30 of the Confirmation Order: (1) all debts and claims against the Debtors are discharged on the Effective Date, and (2) all claimholders are enjoined from, among other things, asserting any further claim against the Reorganized Debtors, or any of their assets or properties, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date ("the Discharge Injunction"). The Plan is binding on all creditors holding claims against the Debtors. In pertinent part, Section 11.2 of the Plan provides:

> Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall be in complete satisfaction of and shall discharge and terminate all Equity Interests in NWA Corp and all existing debts and Claims, of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, on the Effective Date, all existing Equity Interests in NWA Corp. and Claims against the Debtors, including intercompany claims, shall be, and shall be deemed to be, satisfied, discharged and terminated, and all holders of Equity Interests in NWA Corp. and Claims against any of the Debtors shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Equity Interest in NWA Corp. or Claim against any of the Debtors based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest.

7509971_1.DOC

2                                                    CASE NO. C09-02447 MMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS

### C. The Bankruptcy Court Lifts The Discharge For The Limited Purpose Of Permitting Meaux To Pursue Meaux v. Northwest Airlines, et al., Case No. C04-04444.

Plaintiff's employment with Northwest was terminated on January 26, 2004. Prior to the Petition Date, Orville Meaux ("plaintiff") commenced a civil action against Northwest, captioned Meaux v. Northwest Airlines, et al., Case No. C04-04444, which is pending in the United States District Court for the Northern District of California ("the Civil Action"). Pursuant to the Civil Action, plaintiff sought to recover damages from Northwest based on allegations of discrimination in violation of Title VII of the Civil Rights Act of 1964 and California Government Code sections 12920, 12921 and 12940. On August 10, 2006, plaintiff filed Claim 7329, asserting claims against Northwest relating to the Civil Action.[1] On or about August 26, 2005, Northwest filed a motion in the Civil Action seeking entry of an order dismissing the case on summary judgment. Plaintiff did not respond to this motion and it was never ruled on by the Court because Northwest filed its Petition for chapter 11 on September 14, 2005.

On April 29, 2009, Northwest moved for entry of an order modifying the Discharge Injunction solely with respect to Claim 7329 for the limited purpose of allowing the Civil Action, Case No. C04-04444, to proceed to final judgment. On May 18, 2009, the Bankruptcy Court issued an order finding that "the Discharge Injunction is hereby modified solely to the limited extent necessary to enable the Civil Action to proceed to final judgment or settlement, provided, however, that any final judgment entered in favor of Claimant (if any) shall be subject to satisfaction solely in accordance with the Debtors' Plan (including, without limitation, Section 6.6 of the Plan), with any dispute with respect thereto to be resolved by the

---

[1] Claim 7329 attached two pleadings, the amended complaint in the Civil Action (Case No. C04-04444) and another complaint that had not been filed. The Civil Action is the only relevant pleading at issue here because the Reorganized Debtors' Motion for an Order Modifying the Discharge Injunction was filed solely with respect to that part of Claim 7329. Attached hereto as Exhibit "A" is a true and correct copy of the Reorganized Debtors' Motion for an Order Modifying the Discharge Injunction.

Bankruptcy Court…"[2] The Bankruptcy Court further ordered: "that nothing contained herein shall operate as a waiver or modification of the Discharge Injunction so as to permit the prosecution against any of the Debtors or the Reorganized Debtors of any claim or claims by anyone other than the Claimant *as provided herein*…" (Emphasis added.)

### D. Plaintiff Files An Action In Violation Of The Bankruptcy Court's Order And The Discharge Injunction.

As noted, the Bankruptcy Court entered an order modifying the Discharge Injunction for the sole purpose of allowing plaintiff to reach a final resolution in the Civil Action. Rather than complying with the Court's Order and seeking to pursue the Civil Action, plaintiff instead took a different approach. On June 3, 2009, he filed a new case in this Court, Case No. C09-02447, alleging a claim for breach of contract against Northwest and a claim for breach of the duty of fair representation against the Union. Both claims are different than those alleged in the Civil Action. This new case was filed in violation of the Discharge Injunction ordered by the Bankruptcy Court, as it falls outside the scope of the Court's Order which lifts the Discharge Injunction for the limited purpose of pursing a final resolution in the Civil Action.

## III. LEGAL ARGUMENT.

Rule 12(b)(6) authorizes a district court to dismiss a Complaint for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion in this circumstance, plaintiff must show that he is in compliance with the Bankruptcy Court's injunction. In Celotex Corporation v. Edwards, 514 U.S. 300 (U.S. 1995), the Court reaffirmed "the well-established rule that 'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to

---

[2] Attached hereto as Exhibit "B" is a true and correct copy of the Bankruptcy Court's "Order Modifying The Discharge Injunction With Respect To Proof Of Claim Number 7329 Filed By Orville Meaux."

the order.'" Id. at 306; citing Gte Sylvania v. Consumers Union of United States, 445 U.S. 375, 386 (U.S. 1980). Dismissal is appropriate here because, consistent with the provisions of the Bankruptcy Code and the Confirmation Order, claims against Northwest arising prior to the Petition Date are discharged and creditors are enjoined from pursuing such claims. The Bankruptcy Court issued a narrow Order permitting plaintiff to pursue his claims asserted in the Civil Action, Case No. C04-04444. Accordingly, this action must be dismissed because plaintiff is enjoined from further pursuing it.

### A. The Discharge Injunction Bars This Action.

Claims against Northwest that arose prior to the Effective Date of May 31, 2007 are enjoined by the Discharge Injunction. The case at issue is barred by the Discharge Injunction because it asserts claims that arose prior to the Effective Date.

Under the Bankruptcy Code, the confirmation of a plan of reorganization provides a "discharge" to the debtor. The discharge extinguishes all debts and claims arising against a debtor that arose prior to confirmation. As is provided in section 1141(d)(1) of the Bankruptcy Code, confirmation of the Plan discharged all pre-confirmation claims against Northwest, regardless of whether the creditor filed a proof of claim. Specifically, Section 1141(d)(1) of the Bankruptcy Code provides:

> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan --
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation, ... whether or not –
>
> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title . . . .

11 U.S.C. § 1141(d)(1). The determinative question is whether or not the claim arose before confirmation of the debtor's chapter 11 plan. See In re US Airways, Inc., 2005 Bankr. LEXIS 2696, 8-9 (Bankr. E.D. Va. Nov. 21, 2005); In re Greater Jacksonville Transp. Co., 172 B.R. 376, 380 (Bankr. M.D. Fla. Aug. 24, 1994); Cross, 2006 U.S. Dist. LEXIS 59451 at *6. The alleged claims asserted in this

5                                     CASE NO. C09-02447 MMC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS

7509971_1.DOC

action are claims subject to the bankruptcy discharge because these claims stem from alleged pre-petition conduct of the Debtors, namely the decision to terminate plaintiff in January 2004.

Further, pursuant to section 101(12) of the Bankruptcy Code a "debt" is defined as "liability on a claim." <u>FCC v. NextWave Pers. Communs. Inc.</u>, 537 U.S. 293, 302-303 (U.S. 2003). A "claim" is defined as a right to payment. 11 U.S.C. § 101(5). The definition of the word "claim" was broadly drafted so as to ensure resolution of the full range of the debtor's obligations. <u>In re El Paso Refinery, L.P.</u>, 220 B.R. 37 (Bankr. D. Tex. 1998). Notably, this "definition is broad enough to include an obligation from a civil action." <u>Garland</u>, 2007 U.S. Dist. LEXIS 18152 at *19. <u>See</u> <u>also</u> <u>Cross v. K.B. Toys</u>, 2006 U.S. Dist. LEXIS 59451 *5 (N.D. Ill. Aug. 22, 2006). Accordingly, it is clear that any alleged obligations with respect to this action fall within the ambit of claims subject to the discharge in the Debtors' Chapter 11 cases.

Moreover, the Supreme Court has stated that not only does the bankruptcy discharge release a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt, but that it also operates as an injunction which prohibits creditors from attempting to collect or to recover the debt. <u>Tenn. Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 447 (2004). Specifically, section 524(a) of the Bankruptcy Code sets forth this statutory effect of a debtor's discharge in bankruptcy, establishing a permanent injunction against the commencement or continuation of any action to recover discharged claims, as follows:

> (a) A discharge in a case under this title --
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived ....

11 U.S.C. § 524(a)(2).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS

7509971_1.DOC

Thus, plaintiff can not commence or continue this action since it is based upon an alleged claim that arose prior to the Petition Date and, as such, was barred, discharged and enjoined upon Plan confirmation. See Garland, 2007 U.S. Dist. LEXIS 18152 at *23 (granting defendant's motion to dismiss and stating that any claims plaintiff had or may have had that arose before the bar date were discharged upon plan confirmation and therefore could not be the subject of any litigation); Kresmery v. Service Am. Corp., 227 B.R. 10 (D. Conn. 1998) (employer's motion for summary judgment on former employee's claim of employment discrimination granted on the basis that the former employer's plan of reorganization was confirmed pursuant to which all debts incurred pre-confirmation were discharged).

**B. Plaintiff May Proceed Only In Accordance With the Bankruptcy Court's Order To The Extent It Lifts The Injunction.**

Northwest does not contend that the Discharge Injunction precludes plaintiff from pursuing any action. Rather, plaintiff may not pursue any matters outside the scope of the limited modification the Bankruptcy Court ordered to the Discharge Injunction, which only permitted plaintiff to pursue the Civil Action, Case No. C04-04444.

In Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 114 (5th Cir.1987), bankruptcy debtors appealed a judgment entered against them by the U.S. District Court. In that case, on motion of the plaintiff creditors, the bankruptcy court modified an automatic stay of all litigation to permit prosecution of a claim for purposes of liquidating the claim only. The Court of Appeals reversed the judgment and held that the District Court erred in holding that judgment debt was nondischargeable because the ruling exceeded the bounds permitted by the bankruptcy court's order modifying the automatic stay. The court explained:

> The automatic stay under 11 U.S.C. § 362(a) serves, until further order of the bankruptcy court, as an absolute bar to the commencement or continuation of any judicial, administrative, or other proceeding against the debtor 'that was or could have been commenced before the commencement of the [bankruptcy] case ....' [citations omitted.] The

> automatic stay, however, is not incontestable, and a party in interest may file a motion in the bankruptcy court for relief from the stay... by terminating, annulling, modifying, or conditioning such stay ... for cause.... [] Because a section 362 stay freezes in place all proceedings against the debtor, and because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of any proceeding can derive legitimacy only from the bankruptcy court order. The terms of an order modifying the automatic stay must therefore be strictly construed. In this case, the order by its terms did not terminate or lift the stay, not even for the purposes of this single proceeding. The order *modified* the stay in an expressly limited way: the litigation could *only* liquidate the claim .... Because the district court's order exceeded the bounds permitted by the modification order of the bankruptcy court, we reverse the district court and set aside its judgment of non-dischargeability.

Id. See also Noli v. C.I.R., 860 F.2d 1521, 1525 (9th Cir. 1988) (citing Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 114 (5th Cir.1987)) ("[B]ecause only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of ... [the Tax Court] proceeding can derive legitimacy only from the bankruptcy court order. For these reasons, the terms of an order lifting the automatic stay are strictly construed."). The same rule applies whether an automatic stay or discharge injunction is in effect.

## IV.  CONCLUSION.

All of the claims asserted by plaintiff against Northwest in this action are barred, discharged and enjoined based upon the Confirmation Order, Section 11.2 of the Plan and the injunction provisions set forth in Sections 1141(d) and 524(a) of the Bankruptcy Code. Any judgments rendered on claims that have been discharged pursuant to the Debtors' Chapter 11 cases will be void. Moreover, pursuant to the injunctions in place permanently barring the continuation of any lawsuit or other proceeding against the Debtors, any effort by plaintiff to prosecute violates Sections 524 and 1141(d) of the Bankruptcy Code. The claims that are the subject of this action are barred as a result of the Debtors' discharge in bankruptcy, and this action must be dismissed.

WHEREFORE, Northwest respectfully requests this Court to issue an order dismissing the Complaint with prejudice and granting Northwest such other and further relief as is just.

DATED: July 27, 2009

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Lori Bowman
Attorneys for Defendant
NORTHWEST AIRLINES, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS

7509971_1.DOC

# CERTIFICATE OF SERVICE OVERNIGHT DELIVERY COURIER

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

      On July 28, 2009, I served the following document(s) described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO DISMISS

☒   by enclosing the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as stated below:

| | |
|---|---|
| Richard P. Duane, Esq.<br>Dean M. Schmidt, Esq.<br>Duane & Seltzer, LLP<br>2000 Center Street, Suite 300<br>Berkeley, CA 94704 | Counsel for Plaintiff Orville Meaux |

☒   BY FEDERAL EXPRESS*

☐   BY EXPRESS MAIL (USPS)*

☐   BY _____ *

      I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      Executed on July 28, 2009, at Los Angeles, California.

Leticia Rivera                                   /s/ Leticia Rivera
Type Name                                             Signature

\* (BY FEDERAL EXPRESS OR EXPRESS MAIL OR OTHER OVERNIGHT COURIER, SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN DROP BOX OR AT AN OFFICE OR GIVING TO AUTHORIZED COURIER/DRIVER)